UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDEN J. BAILEY,

    Plaintiff,

v.    Case No. 3:18-cv-739-J-34MCR

MIKE WILLIAMS, et al.,

    Defendants.
_____

**ORDER**

    1.    Plaintiff's Motion for Appointment of Counsel (Doc. 6) is **DENIED without prejudice**. A plaintiff in a civil case does not have a constitutional right to counsel, and courts have broad discretion in deciding whether to appoint counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A court should appoint counsel in a civil case only in "exceptional circumstances." Id. In determining whether to appoint counsel, a court may consider the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case will require skill in presenting evidence and in cross-examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

    This case is not so complex legally or factually to prevent Plaintiff from presenting the essential merits of his position to

the Court. At this early stage of the proceeding, the Court finds that Plaintiff has not shown exceptional circumstances that would warrant the appointment of counsel at this time. The Court, however, may sua sponte reconsider Plaintiff's request if the circumstances of the case change (for example, if the case proceeds to trial).

2. Plaintiff's Motion to the Judge Requesting a Court Order (Doc. 7) is **GRANTED only to the extent** that Plaintiff, who is proceeding pro se in this action, may seek access to the jail's law library by following the jail's procedures and/or submitting a grievance with the jail to address the issue.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of July, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

caw 7/17
c:
Branden J. Bailey, #2016017065

2