UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDEN J. BAILEY,

        Plaintiff,

v.                            Case No. 3:18-cv-739-J-34MCR

MIKE WILLIAMS, et al.,

        Defendants.

_____

**ORDER**

Before the Court is Plaintiff Branden J. Bailey's Motion for Temporary Restraining Order & Preliminary Injunction (Motion; Doc. 18), filed September 13, 2018. In the Motion, Bailey requests that the Court direct the Defendants to cease their blanket policy of denying him and other Muslim detainees the ability to freely practice their religion, and allow them to grow four-inch beards and possess and use kufis and sajadas while housed as detainees at the John E. Goode Pretrial Detention Facility (PTDF). He also filed his Declarations (Docs. 17, 21, 33) and inmate Marvin Williams' Declaration (Doc. 25). On September 25, 2018, the Court directed Defendant Sheriff Mike Williams to respond to the Motion by October 31, 2018. See Order (Doc. 23). Bailey filed an Objection to Order (Objection; Doc. 34). In the Objection, he objects to the Magistrate Judge's Order, and asserts that the Court should rule on the Motion without waiting for a response. He also requests that the Court grant his request for a temporary restraining order, and

schedule a hearing on the request for a preliminary injunction. Upon review, his Objection to the Magistrate Judge's Order will be overruled to the extent that this Court finds that the Magistrate Judge's ruling, <u>see</u> Order (Doc. 23), is not clearly erroneous or contrary to law. <u>See</u> 28 U.S.C. § 636(b)(1)(A). On October 31, 2018, Defendant Williams filed a response in opposition to Bailey's Motion. <u>See</u> Defendant's Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Response; Doc. 37). In the Response, Defendant states that Bailey was transferred from the PTDF to the custody of the Florida Department of Corrections (FDOC) on October 3, 2018, and accordingly, the Court should deny his Motion as moot.

Bailey is no longer detained at the PTDF. He now resides at the Reception and Medical Center (RMC), West Unit. <u>See</u> Change of Address (Doc. 32), filed October 12, 2018;[1] Docs. 29-1, 29-2. The general rule in this circuit is that a transfer or a release of an inmate from a jail or prison will moot that inmate's claims for injunctive and declaratory relief. <u>Zatler v. Wainwright</u>, 802 F.2d 397, 399 (11th Cir. 1986) (per curiam). The rationale underlying this rule is that injunctive relief is "a prospective remedy, intended to prevent future injuries," <u>Adler v. Duval Cnty. Sch. Bd.</u>, 112 F.3d 1475, 1477 (11th Cir. 1997), and, as a result, once

---

[1] <u>See</u> http://www.dc.state.fl.us/offenderSearch (last visited Nov. 1, 2018) (showing Bailey's initial FDOC receipt date as October 3, 2018).

the inmate has been released or transferred, the court lacks the ability to grant injunctive relief and correct the conditions of which the inmate complained. See <u>Wahl v. McIver</u>, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects"). Thus, Bailey's request for injunctive relief relating to the denial of his religious rights at the PTDF fails to present a case or controversy since he is now incarcerated in the custody of the FDOC. Therefore, the Motion is due to be denied as moot.

Also before the Court is Bailey's Request for Court Order (Request; Doc. 35), filed October 12, 2018. In the Request, Bailey requests to join inmate Marvin Williams as an "involuntary Plaintiff" under Federal Rule of Civil Procedure 19. Rule 19 of the Federal Rules of Civil Procedure mandates joinder of parties under certain circumstances, and states, in relevant part:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of

the action and is so situated that
disposing of the action in the
person's absence may:

> (i) as a practical matter
> impair or impede the
> person's ability to
> protect the interest; or

> (ii) leave an existing
> party subject to a
> substantial risk of
> incurring double,
> multiple, or otherwise
> inconsistent obligations
> because of the interest.

(2) Joinder by Court Order. If a person
has not been joined as required, the court
must order that the person be made a party. A
person who refuses to join as a plaintiff may
be made either a defendant or, in a proper
case, **an involuntary plaintiff**.

Fed. R. Civ. P. 19(a) (emphasis added).

Bailey simply states that Williams "is only interested in
obtaining" the injunctive relief requested in the Motion and
paragraph 75 of the Complaint (Doc. 1). Bailey has not met the
required showing under Rule 19, and therefore, his requested relief
is not warranted. To the extent Williams and/or other PTDF
detainees desire to pursue their own claims, each detainee may
represent his own interests by initiating his own civil rights case
by filing a separate civil rights complaint form. Moreover, the
general provision permitting parties to proceed pro se, see 28
U.S.C. § 1654, provides "a personal right that does not extend to
the representation of the interests of others." Timson v. Sampson,

518 F.3d 870, 873 (11th Cir. 2008). Thus, Bailey's Request to join Williams as an "involuntary plaintiff" under Rule 19(a)(2) is due to be denied.

In consideration of the foregoing, it is now

**ORDERED**:

1.    Bailey's Motion for Temporary Restraining Order & Preliminary Injunction (Doc. 18) is **DENIED** as moot.

2.    Bailey's Objection to Order (Doc. 34) is **OVERRULED** to the extent that this Court finds that the Magistrate Judge's ruling, <u>see</u> Order (Doc. 23), is not clearly erroneous or contrary to law. <u>See</u> 28 U.S.C. § 636(b)(1)(A).

3.    Bailey'S Request for Court Order (Doc. 35) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of November, 2018.

**MARCIA MORALES HOWARD**
United States District Judge

sc 11/1
c:
Branden J. Bailey, FDOC # J38931
Counsel of Record

5