UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRANDEN J. BAILEY,

        Plaintiff,

v.                        Case No. 3:18-cv-739-J-34MCR

MIKE WILLIAMS, et al.,

        Defendants.

## **ORDER**

### **I. Status**

Plaintiff Branden J. Bailey, while a detainee at the John E. Goode Pre-Trial Detention Facility (Jail),[1] initiated this action on June 7, 2018, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1). In the Complaint, Bailey names the following Defendants: (1) Sheriff Mike Williams, Jacksonville Sheriff's Office (JSO); (2) Jail Director T. Morris; (3) Chief Pratt; (4) Chaplain Dennis C. Degele; (5) Officer Stanford; and (6) Sergeant Isoa. He asserts that the Defendants violated his federal constitutional rights when they denied him the right to freely practice his Islamic religion. As relief, he seeks compensatory and punitive damages as well as declaratory and injunctive relief.

---

[1] According to the Florida Department of Corrections (FDOC) Offender Network website, the FDOC took custody of Branden J. Bailey on October 3, 2018, after the trial court sentenced him to a term of life imprisonment on September 27, 2018. See http://www.dc.state.fl.us/offenderSearch.

This matter is before the Court on Defendants' Motion to Dismiss (Motion; Doc. 29). The Court advised Bailey that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See Order (Doc. 9). Plaintiff filed a response in opposition to the Motion. See Response (Doc. 38). Defendants' Motion is ripe for review.

## II. Plaintiff's Allegations[2]

As to the underlying facts of his claims, Bailey (a Sunni Muslim)[3] asserts that the Defendants deprived him of his right to acquire and/or possess the following items necessary to freely practice his religion: (1) a Kufi (cap or head covering); (2) a Sajada (prayer rug); (3) three pairs of boxer shorts (to abide by the Islamic principle of cleanliness); and (4) a Koran. He also avers that the Jail should permit him to maintain a beard, attend Friday prayer service, and fast during the month of Ramadan with a "decent" Halal meal. Complaint at 15. Lastly, Bailey contends that Defendants Stanford and Isoa retaliated against him on June 1,

---

[2] In considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz and Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

[3] See Complaint at 25.

2

2018, for filing grievances when they tried "to make him eat or take his food," as he observed Ramadan. Id. at 24.

### III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x

837, 839 (11th Cir. 2011)[4] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

### IV. Summary of the Arguments

In the Motion, Defendants maintain that Bailey is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injury resulting from Defendants' acts and/or omissions. See Motion at 3. They state that Bailey does not specifically request nominal damages, and the Court should not liberally construe the Complaint as requesting nominal damages. See id. Additionally, Defendants assert that Bailey's claims for declaratory and injunctive relief are moot because he is no longer incarcerated at the Jail. See id. at 4-5. In response to the Motion, Bailey states that he is entitled to compensatory and punitive damages, see Response at 4-6, as well as declaratory and injunctive relief, see id. at 7-11.

---

[4] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

## V. Discussion

### A. Declaratory and Injunctive Relief

Defendants maintain that Bailey's claims for declaratory and injunctive relief are moot because the JSO transferred him to FDOC custody on October 3, 2018. See Motion at 4-5. In response, Bailey acknowledges that the trial court sentenced him to a term of life imprisonment, and therefore, JSO transferred him to FDOC custody. See Response at 8. Nevertheless, he argues that the FDOC could return him to JSO custody. See id. at 7-8. Bailey states, in pertinent part:

> Plaintiff submits that at any time he could be transferred back to JSODOC on post-conviction relief (evidentiary hearing), habeas corpus, or his direct appeal, or in appealing his direct appeal. He also could be ... transferred back to JSODOC in the event this case goes to trial. And in respect to post-conviction relief (evidentiary hearing), direct appeal, appealing a direct appeal, or habeas corpus, he could be "released and reincarcerated" at JSODOC for new charges.

Id. at 8.

Bailey's suggestions of hypothetical future harm relating to the FDOC returning him to JSO custody in the future are remote and speculative, not actual or imminent. See Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). The general rule in this circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) (per

6

curiam). The rationale underlying this rule is that injunctive relief is "a prospective remedy, intended to prevent future injuries," Adler v. Duval Cnty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997), and, as a result, once the prisoner has been released or transferred, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained. See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects"). Thus, Bailey's claims for declaratory and injunctive relief relating to any sub-par conditions at the Jail fail to present a case or controversy since he is now incarcerated at Jackson Correctional Institution.[5] Accordingly, Defendants' Motion is due to be granted as to Bailey's request for declaratory and injunctive relief.

### B. Physical Injury Requirement
### 42 U.S.C. § 1997e(e)

Next, the Court turns to Defendants' assertions that Bailey is not entitled to compensatory and punitive damages under 42 U.S.C. § 1997e(e) because he has not alleged any physical injuries resulting from Defendants' acts and/or omissions. In Brooks v. Warden, 800 F.3d 1295 (11th Cir. 2015), the Eleventh Circuit Court

---

[5] See http://www.dc.state.fl.us/offenderSearch (last visited May 14, 2019).

of Appeals addressed the availability of compensatory and punitive damages as well as nominal damages in suits brought by prisoners under § 1983. The Eleventh Circuit stated:

> [Plaintiff]'s claim, however, is further governed by the Prison Litigation Reform Act of 1995 [(PLRA)], Pub.L. No. 104-134, §§ 802-10, 110 Stat. 1321, 1366-77 (1996). The PLRA places substantial restrictions on the judicial relief that prisoners can seek, with the goal of "reduc[ing] the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." <u>Al-Amin v. Smith</u>, 637 F.3d 1192, 1195 (11th Cir. 2011) (quoting <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002)). The section of the Act at issue here, 42 U.S.C. § 1997e(e), reads this way:
>
>> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act....
>
> This Court has held that § 1997e(e) applies to all federal civil actions, including constitutional claims brought under § 1983. <u>See</u> <u>Harris v. Garner</u> (<u>Harris II</u>), 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)....
>
> In this case, [Plaintiff] did not allege any physical injury . . . . Nevertheless, he sought "compensatory . . . punitive, and nominal damages" from [Defendant]. **Under the statute and our caselaw, an incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury.** <u>See</u> <u>Al-Amin</u>, 637 F.3d at 1198 (punitive); <u>Harris v. Garner</u> (<u>Harris I</u>), 190 F.3d 1279, 1286 (11th Cir.

>1999) (compensatory), <u>reh'g en banc granted and opinion vacated</u>, 197 F.3d 1059 (11th Cir. 1999), <u>opinion reinstated in relevant part</u>, 216 F.3d 970. However, we have never had the opportunity in a published opinion to settle the availability of nominal damages under the PLRA. We do today, and we hold that nothing in § 1997e(e) prevents a prisoner from recovering nominal damages for a constitutional violation without a showing of physical injury.

<u>Brooks</u>, 800 F.3d at 1307-08 (emphasis added).

To satisfy § 1997e(e)'s injury requirement, a prisoner must assert physical injury that is more than <u>de minimis</u>. However, the injury does not need to be significant. See <u>Thompson v. Sec'y, Fla. Dep't of Corr.</u>, 551 F. App'x 555, 557 (11th Cir. 2014) (citation omitted); <u>Dixon v. Toole</u>, 225 F. App'x 797, 799 (11th Cir. 2007). In the event an inmate is unable to satisfy this requirement, the Eleventh Circuit has instructed courts to dismiss the inmate's compensatory and punitive damages claims under § 1997e(e) without prejudice to allow the inmate to refile if and when the inmate is released. See <u>Harris v. Garner</u>, 216 F.3d 970, 980 (11th Cir. 2000).

Further, consistent with <u>Brooks</u>, despite § 1997e(e)'s limitation, an inmate may still recover nominal damages even if the inmate lacks any physical injury. See <u>Hughes v. Lott</u>, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.").

### 1. Compensatory and Punitive Damages

Taking Bailey's allegations as true, he is not entitled to seek compensatory and punitive damages because he fails to assert any physical injury. In the Complaint, he asserts that his injury is "emotional stress, I can't practice my faith." Complaint at 6. "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312–13 (11th Cir. 2002). Here, Bailey's assertion of emotional injury, without any allegations of physical injury, fails to satisfy § 1997e(e)'s injury requirement. See Thompson, 551 F. App'x at 557 n.3. Thus, Defendants' Motion is due to be granted to the extent that the Court finds Bailey's request for compensatory and punitive damages is precluded under § 1997e(e) because he did not suffer any physical injury.

### 2. Nominal Damages

Defendants urge the Court not to construe Bailey's monetary-damages request to include a request for nominal damages. See Motion at 3. In response, Bailey states that he is entitled to nominal damages. See Response at 6. Notably, complaints which have been liberally construed to include a request for nominal damages or equitable relief have contained phrases requesting some sort of additional relief ("such other relief as may appear that plaintiff

is entitled," or "any other relief the court deems appropriate or just" or similar language). See Boxer X v. Donald, 169 F. App'x 555, 559 (11th Cir. 2006); Smith v. Barrow, No. CV 311-044, 2012 WL 6519541, at *5 (S.D. Ga. Nov. 9, 2012), report and recommendation adopted as modified by, 2012 WL 6522020 (S.D. Ga. Dec. 13, 2012). Here, the Court finds that Bailey has included such language which the Court can construe as a request for nominal damages. See Complaint at 31, ¶ 80 ("Any additional relief this Court deems just, proper and equitable[]"). As such, Bailey may proceed on his claims for nominal damages against the Defendants.[6]

Therefore, it is now

**ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 29) is **GRANTED** as to Bailey's claims for compensatory and punitive damages as well as declaratory and injunctive relief. Otherwise, the Motion is **DENIED**.

2. Bailey's claims for compensatory and punitive damages are **DISMISSED without prejudice** under § 1997e(e) to allow him to refile if and when he is released from incarceration.

3. Bailey's requests for declaratory and injunctive relief are **DISMISSED without prejudice**.

---

[6] The Court advises Bailey that, if he prevails against the Defendants in this action, nominal damages are limited to a mere token or trivial sum, typically $1.00. See Quainoo v. City of Huntsville, Ala., 611 F. App'x 953, 955 (11th Cir. 2015) (defining nominal damages as $1 or $100); Whitfield v. Thompson, 165 F. Supp. 3d 1227, 1238 n.4 (S.D. Fla. 2016) (noting "nominal damages do not generally exceed one dollar").

4. Defendants must answer the Complaint **no later than June 26, 2019.**

5. The parties shall conduct discovery so the due date of any discovery requested is no later than **October 30, 2019.** Any motions relating to discovery shall be filed by **November 13, 2019.**

6. All motions to dismiss and/or for summary judgment shall be filed by **December 18, 2019.**[7] This deadline is also applicable to the filing of any motions or the raising of any affirmative defenses based on qualified immunity.

7. Responses to any motions to dismiss and/or for summary judgment shall be filed by **January 30, 2020.**

8. The parties are encouraged to discuss the possibility of settlement and notify the Court if their efforts are successful. In doing so, Plaintiff and Defendants are encouraged to maintain a realistic approach in making and/or considering any settlement offers. If the parties are unable to settle the case privately, and want a Magistrate Judge to conduct a settlement conference, they should notify the Court.

9. As to the taking of Plaintiff's deposition, if necessary, the Court grants permission to Defendants' counsel. Defendants' counsel must contact the Warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

---

[7] The Court requires the complete transcript of any deposition submitted as an exhibit.

10. Plaintiff is advised that any documents submitted for the Court's consideration must be legible. Filings may be difficult to decipher, especially when electronically scanned. Therefore, Plaintiff is encouraged to use a black pen, not pencil. The Court may strike documents that are not in compliance with these instructions.

11. The Court expects strict compliance with the Court's deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of May, 2019.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 5/23
c:
Branden J. Bailey, FDOC #J38931
Counsel of Record